**Ronnie Elliott FLOYD, Plaintiff–Appellant,**

v.

**SVERDRUP CORPORATION, Defendant–Appellee.**

No. 00–5614.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before BOGGS, DAUGHTREY, and FARRIS,* Circuit Judges.

Ronnie Elliott Floyd, a Tennessee resident proceeding pro se, appeals the district court order dismissing his employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting his administrative remedies, Floyd sued Sverdrup Corporation ("Sverdrup"), a United States Air Force contractor, seeking unspecified relief. He alleged that Sverdrup discriminated against him on the basis of race when the company failed to hire him as an associate engineer. After a period of discovery, Sverdrup moved for summary judgment. The magistrate judge recommended granting the motion, concluding that Floyd had failed to establish a prima facie case of discrimination. The district court adopted the magistrate judge's report and recommendation over Floyd's objections.

In his timely appeal, Floyd appears to argue that: (1) Sverdrup hired unqualified applicants after refusing to hire him; (2) Sverdrup disqualified minority applicants at a substantially higher rate than white applicants; and (3) he had the necessary qualifications for the position of associate engineer.

■■ Initially, we note that Floyd's district court pleadings and his brief on appeal make passing reference to the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. A Title VII plaintiff is limited to the allegations in his Equal Employment Opportunity Commission ("EEOC") complaint and any charges reasonably expected to grow out of the charge of discrimination. *Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992); *EEOC v. Bailey Co.,* 563 F.2d 439, 446 (6th Cir.1977). Floyd's EEOC complaint raised only a racial discrimination claim. Thus, he is limited to that claim in federal court.

■■ This court reviews an order granting summary judgment de novo.

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

*Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). Upon review, we conclude that the district court properly granted summary judgment to Sverdrup. Floyd began working as an engineer for ARO, Inc. ("ARO"), in 1973. ARO later changed its name to Sverdrup. When ARO lost part of the testing contract with the Air Force in 1980, Floyd went to work for another contractor, Calspan, as a design engineer. Calspan changed its name to MicroCraft. In 1995, the Air Force awarded Sverdrup the sole contract for testing at the facility where Floyd worked. Sverdrup took steps both to combine the workforces of Sverdrup. MicroCraft, and a third contractor, SSI, and to reduce the number of salaried employees. As part of this process, Sverdrup managers met with supervisors from MicroCraft and SSI to determine whom to hire. In August 1995, Floyd learned that he had not been selected.

Floyd failed to establish a prima facie case of racial discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Warfield v. Lebanon Corr. Inst.,* 181 F.3d 723, 728 (6th Cir.1999). Although he is a member of a protected class and suffered an adverse employment decision, he did not show that he was qualified for the job or that he was treated differently than similarly situated whites. *See Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1166 (6th Cir.1996), *amended on denial of reh'g by* 97 F.3d 833 (6th Cir.1996); *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 583 (6th Cir.1992). Floyd's personnel records include poor job performance reports, reprimands, a corrective action plan, and a demotion from engineer to engineering associate. His supervisor at MicroCraft ranked Floyd as the lowest performing engineering associate in MicroCraft's Design Branch. Floyd was not meeting his employer's legitimate expectations and was not performing to his employer's satisfaction. *See Warfield,* 181 F.3d at 728; *Ang*

*v. Procter & Gamble Co.,* 932 F.2d 540, 548 (6th Cir.1991). Moreover, he did not identify any white employee with a similar employment record who was hired. Faced with Sverdrup's well-documented motion for summary judgment, Floyd could not simply replace the conclusory allegations from his complaint with more conclusory allegations. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Because Floyd did not establish a prima facie case, Sverdrup was entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.